## IRVING TRUST CO, Tees v TOURKOFF

Ohio Appeals, 2nd Dist, Montgomery Co

No 1154. Decided Jan 27, 1933

White & Case, New York, McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

McConnaughey, Shea, Demann & McConnaughey, Dayton, for defendant in error.

ALLREAD, J.

The question raised by Samuel Tourkoff to this petition is that it was necessary for plaintiff to show that after the goods were shipped, or as a necessary inducement to the shipping of the goods, the alleged guarantor was notified of the shipment of goods and the amount thereof upon the basis of the liability proposed. This is the principal and only question argued.

Two Ohio cases are cited and relied upon, not so much because of the decision, but because of the reasoning in the opinions. The first case referred to is **Powers and Weightman v Bumcratz, 12 Oh St, 273.** This opinion is by Judge Gholson. Among the decisions cited in that case is the case of Douglas v Reynolds, 7 Peters, 113. This case was decided by Story, J, and contains the following proposition:

"A party giving a letter of guarantee has a right to know whether it is accepted and whether the person to whom it is addressed means to give credit on the footing of it or not. It may be most material not only as to his responsibility, but as to his future rights and proceedings. It may regulate, in a great measure, his course of conduct, and his exercise of vigilance in regard to the party in whose favor it is given. Especially, it is important in a case of a continuing guarantee since it may guide his judgment in recalling or suspending it."

The decision of Judge Story is in support of the judgment in a case of continuing guarantee where the shipments are necessary and the amount of the guarantee is likewise necessary that there should be notice to the guarantor.

The case of **Wise v Miller in 45 Oh St, 388,** is a similar case. The decision in that case is by Williams, J. It cites with approval the case of **Powers v Bumcratz, 12 Oh St, 273,** in which Judge Gholson says:

"We have examined some of those cases, which the guaranty being indefinite as to the amount and time of the advances, something might be expected in the pleadings, or points made, as to notice of the acceptance of the guaranty, but nothing of the kind appears."

The first proposition of the syllabus in the case of Wise v Miller, supra, holds that,

"The rule requiring such notice applies only where the instrument, being in legal effect merely an offer or proposal, acceptance is necessary, as in case of other offers and proposals, to that mutual consent, without which there can be no contract."

This subject is discussed in 28 Corpus Juris, p. 900, et seq., where it is said that,

"There is some confusion in the cases in regard to the necessity for notice of acceptance by the guarantee to the guarantor in order to show mutual assent; but, subject to certain exceptions or modifications, it is a well settled rule that where there is merely an offer of, or proposition for, the guarantee, or is merely a condition of guarantee in the sense that it requires action by the guarantee before the obligation becomes fixed, it does not become a binding obligation until it is accepted by the guarantee, and unless there is a waiver of notice, until notice of such acceptance is given to, or acquired by, the guarantor, or until he has notice or knowledge that the guarantee has performed the conditions and intends to act upon the guarantee."

We are clear that these rules would apply to the case at bar. The letter is not a definite agreement for the guarantee of the payment of any particular amount of obligation against Jack Tourkoff. It does not appear that at the time the guarantee was sent by Samuel Tourkoff that there was any definite amount of obligations considered. The language of the guarantee, "I would be willing to guarantee the payment of Mr. Tourkoff's drafts providing you would grant him ninety days terms" was a general obligation to be undertaken by Samuel Tourkoff. It does not appear from the letter that any definite amount was to be guaranteed. The terms of the letter "I would be willing to guarantee," etc., would not imply that Samuel Tourkoff had already agreed to the guarantee.

We are clearly of opinion that this guarantee would not be available except after notice by the Typewriter Company of the

shipment of typewriter supplies and of the value of the consignment. This the Type-writer Company does not allege in its petition, and the failure to do so makes the petition vulnerable to a general demurrer. The Court of Common Pleas was right in sustaining the demurrer and the judgment should be affirmed.

HORNBECK and KUNKLE, JJ, concur.